**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MYRNA BRYANT,

    Plaintiff,                                              Case No.:

v.

AMIDON NURSE STAFFING LLC
and ELI SCHICK,

    Defendants.
_____/

**COMPLAINT FOR VIOLATION OF PROVISIONS OF THE FLSA**
**& DEMAND FOR JURY TRIAL**

    Plaintiff, MYRNA BRYANT, by and through the undersigned counsel, herein sues the Defendants, AMIDON NURSE STAFFING LLC (Amidon) and ELI SCHICK (Schick) (collectively, Defendants) pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and states as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff, Myrna Bryant, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.,* (the "FLSA"). Plaintiff alleges that she is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

    2.    The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to assure workers additional pay to

compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Plaintiff was employed with Defendants from approximately July 2015 to January 6, 2021 working under the title of Staff Coordinator from Defendants' offices at 3390 Cori Rd Jacksonville, FL, and 1732 Kingsley Ave, Orange Park, FL 32073 and from her home in Palatka, Florida.

4. Throughout Plaintiff's employment with Defendants, she was required to work in excess of forty (40) hours per week in order to complete her job duties and did so.

5. Throughout Plaintiff's employment, she was required to work on call from her home from 5 pm until 8:30 am the next day if it was a weekday. If Plaintiff's on-call shift began on a Friday or Saturday, she was required to work 24 hours straight, from 5 pm to 5pm.

6. In addition, Plaintiff worked from Defendants' office from 8:30 am to 5:00 pm, Monday through Friday.

7. Pursuant to policy and plan, Defendants failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

8. Defendants should have, but did not, compensate Plaintiff for all

overtime hours worked in excess of forty (40) hours per workweek.

9. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## **PARTIES, JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, since this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq.*

11. This Court has personal jurisdiction over this action because the Defendants operate substantial business in Clay County, Florida and the damages at issue occurred in Clay County, Florida.

12. Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b).

13. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

14. Defendant, AMIDON NURSE STAFFING LLC (Amidon) is a Florida Limited Liability Company with primary business offices located at 1732 KINGSLEY AVENUE, SUITE 1, ORANGE PARK, FL 32073.

15. Defendant AMIDON NURSE STAFFING LLC may be served through its registered agent AMIDON NURSE STAFFING LLC at 1732 KINGSLEY AVENUE, SUITE 1, ORANGE PARK, FL 32073 US.

16. Defendant ELI SCHICK may be served at his personal residence

located at 672 WASHINGTON ST., WEST HEMPSTEAD, NY 11552-3528

17. The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendants, as it engages in interstate commerce under the definition of the FLSA and has annual gross revenues of more than $500,000.00 over the past three years.

18. All conditions precedent to the filing of this action have been performed.

19. Defendant Schick is the managing member of Defendant Amidon, directed and controlled the day to day work of Plaintiff, and is responsible for the compensation plans and unlawful pay practices complained of herein.

## FACTUAL BACKGROUND

20. Plaintiff was employed with Defendants from approximately July 14, 2015 to January 6, 2021 working under the title of Staff Coordinator.

21. Amidon is a healthcare staffing company providing nurses to hospitals, prisons, nursing homes, etc. to supplement the staffing needs of those facilities.

22. Plaintiff's primary duties were to answer the phones, orientate new nurses, and fulfill staffing requests from client facilities.

23. All of Plaintiff's job duties were routine and standardized, and according to set procedures as created by Defendants.

24. Plaintiff did not fire employees or hire employees.

25. Plaintiff did not supervise two or more full time employees as

contemplated by the FLSA and executive exemption.

26. Plaintiff routinely worked hours in excess of 40 per week throughout her employment with Defendants as a Staff Coordinator.

27. Defendants paid Plaintiff on a salary basis and on occasion paid Plaintiff a bonus.

28. Despite regularly working in excess of 40 hours per week during her employment with Defendants, Plaintiff was not paid an overtime premium of any amount, either half time or a one and one-half her regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

29. Defendants did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

30. Plaintiff's job position was subject to the FLSA wage provisions.

## **COUNT I**
**Failure to Pay Overtime Compensation in Violation of the FLSA**
**29 U.S.C. § 201,** *et seq.*

31. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

32. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

33. The Defendants are Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

34. The overtime wage provision set forth in FLSA Section 207 applies to Defendants as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000 annually.

35. Throughout Plaintiff's employment with Defendant as a Staff Coordinator, she was not paid overtime compensation for all hours worked in excess of forty (40) per week.

36. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

37. Plaintiff did not have disciplinary authority or discretion, and was not involved in hiring and firing of employees.

38. Plaintiff's primary job duty did not require the exercise of independent discretion and judgment in matters of significance, as her primary job duties were to answer the phones, orientate new nurses, and fulfill staffing requests from client facilities.

39. Plaintiff did not make decisions as an exempt administrator would, nor did she create policy.

40. Plaintiff did not "manage" a department or manage other employees.

41. Defendants are aware or should have been aware of the FLSA overtime

rate calculations, its provisions and exemptions, and know, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

42. Defendants knew that since Plaintiff did not have decision making authority and discretion, and did not hire, fire or have discretion to discipline employees that she was a non-exempt employee and should have been paid overtime wages.

43. Defendants have thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

44. During the relevant time period, Defendants required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime. Defendants were aware Plaintiff was working over 40 hours routinely to perform her assigned job duties.

45. Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half her regular rate of pay, or alternatively a half time premium of her regular rate of pay for all such hours, for the purposes of decreasing labor costs and maximizing profitability.

46. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants in some manner or form. If these records are unavailable, Plaintiff may establish the hours she worked solely by her testimony

and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

47. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

48. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**WHEREFORE**, Plaintiff, Myrna Bryant, demands judgment against Defendants for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and reasonable attorneys' fees and costs (pursuant to section 216 of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated August 5, 2022.

    Respectfully submitted by,

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.
**Feldman Legal Group**
FBN: 0080349
6916 W. Linebaugh Ave #101
Tampa, FL 33625
mfeldman@flandgatrialattorneys.com

tel 813 639-9366, fax: 813 639-9376
*Attorney for Plaintiff*